UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERSON NEVES GUIMARAES JORGE (A241-212-582),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No.  1:26-cv-04860-DC-SCR

**SCHEDULING ORDER**

Petitioner, an immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636.

Respondent is directed to show cause why the writ should not be granted by filing an **answer/return within fourteen (14) days** from the date of this order.  See 28 U.S.C. § 2243. Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.  Petitioner may file a **reply/traverse within seven (7) days** after being served a copy of it.  Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

In the event that petitioner obtains an immigration bond and it is paid resulting in his/her release, counsel for petitioner (or petitioner, if petitioner is proceeding without counsel) shall inform the court as expeditiously as possible in order to conserve this court's limited judicial

1

resources.  For the same reason, respondent shall inform the court as expeditiously as possible in the event that a travel document is obtained for petitioner that will result in his/her imminent removal from this country.  Either party shall update the court by filing a **Notice of Changed Circumstances** that informs the court of the particular circumstances which have changed.

In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court.  See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

IT IS SO ORDERED.