UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON NEVES GUIMARAES JORGE (A#241-212-582),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX,<br>Respondent. | No. 1:26-cv-04860-DC-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner is a native and citizen of Brazil who entered the United States lawfully on a tourist visa on November 21, 2014. ECF No. 7-1 (I-213 Form). He overstayed his tourist visa, which expired in May 2015. ECF No. 7-1. While residing in the United States, Petitioner concedes that he was arrested on two separate occasions for driving under the influence. ECF No. 1 at 7. He filed an I-485 application to adjust his immigration status and an I-360 petition with U.S. Customs and Immigration Services ("USCIS") on May 26, 2023, which remain pending. He was arrested by Immigration and Customs Enforcement ("ICE") on or about

December 14, 2025 and charged with being removable for overstaying his visa in violation of Section 237(A)(1)(B) of the Immigration and Nationality Act. See ECF No. 7-1 at 1-2. On April 27, 2026, an immigration judge ("IJ") denied Petitioner release on bond after finding that he was a danger to the community. Petitioner is currently detained at the Central Valley Annex located in this judicial district.

In his amended petition, Petitioner generally challenges his immigration detention as well as the IJ's bond denial because it was not based on meaningful evidence or an explanation of how that evidence demonstrated dangerousness. ECF No. 12 (First Amended Petition). Specifically, Petitioner first asserts that his detention violates the Fifth Amendment due process clause. ECF No. 12 at 17-19. Next, Petitioner raises a claim based on Section 236(a) of the Immigration and Nationality Act based on the government's unlawful application of the mandatory detention provision of 8 U.S.C. § 1225(b)(2) to Petitioner. Id. at 19. In claim three, Petitioner contends that Respondent has violated the Administrative Procedure Act ("APA") by "alter[ing] the substantive rules governing mandatory detention without notice-and-comment rulemaking[.]" Id. at 20. Finally, in his fourth cause of action, Petitioner requests a stay of removal. Id. at 21. Although Petitioner contends that the IJ's bond denial was conclusory and failed to satisfy the clear and convincing evidence standard to support the dangerousness finding, he does not raise a separate cause of action based on this purported error. Id. at 11-13. According to Petitioner, the exhaustion of administrative remedies should be waived in this case because they "would be futile and would not remedy the fundamental deficiencies in the original bond hearing." ECF No. 12 at 2. By way of relief, Petitioner requests his immediate release subject to appropriate conditions or a new bond hearing before a different IJ. Id. at 3.

Respondent filed a motion to dismiss because Petitioner already received the bond hearing pursuant to § 1226(a) which he argues he is entitled to in his amended petition. ECF No. 7. Respondent also asserts that the amended petition should be dismissed because Petitioner has not exhausted his administrative remedies pertaining to the IJ's bond denial. ECF No. 7. According to Respondent, Petitioner remains lawfully detained pursuant to § 1226(a) pending the conclusion of his removal proceedings.

Immigration records attached to the motion to dismiss indicate that Petitioner was first encountered by ICE in February 2021 after he served a two day sentence for leaving the scene of an accident and not having a valid driver's license. ECF No. 7-1 at 3, 5-7. No other details are provided about this encounter from either party. However, there is no evidence before the Court that Petitioner was detained by ICE for any significant period of time at that juncture.

Petitioner's Rap Sheet also indicates that he was arrested on December 14, 2025 for driving under the influence of alcohol and refusal to submit to DUI testing. ECF No. 7-3 at 7-8. However, there is no evidence that these charges resulted in a conviction. These criminal charges appear to have precipitated Petitioner's immigration detention. Petitioner's I-213 Form indicates that he was arrested by ICE and issued a Notice to Appear in immigration court on this same date. ECF No. 7-1 at 1.

According to EOIR's Automated Case Information, Petitioner's next immigration court proceeding is scheduled for October 6, 2026. See https://perma.cc/2B6B-KQMH (EOIR's Automated Case Information database searchable by A# and country of origin).

**II. Statutory Detention Authority**

Petitioner is detained pursuant to 8 U.S.C. § 1226(a) which "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

**III. Analysis**

In this case, Respondent does not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). The record further establishes that Petitioner received the process to which he was

entitled under that statute—a bond hearing before an IJ in April 2026. Petitioner's arguments about being unlawfully subject to a mandatory detention statute are accordingly misplaced. And Respondent's motion to dismiss the petition on the basis that Petitioner has already received the statutory relief to which he is entitled is well-taken. ECF No. 7. Moreover, Petitioner does not meaningfully challenge the IJ's bond denial in his amended petition. The bond denial is not the basis for any of his causes of action and he only obliquely questions the basis for the bond denial. Accordingly, the legal validity of the IJ's bond denial is not presently before the Court. For all these reasons, Respondent's motion to dismiss the § 2241 petition should be granted without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be granted.

2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice as moot because he has received the statutory bond hearing to which he is entitled.

3. The Clerk of Court be directed to enter judgment for respondents and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE