UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERSON NEVES GUIMARAES JORGE (A-241-212-582),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br><br>Respondents. | No. 1:26-cv-04860-DC-SCR (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 7, 14) |

Petitioner, an immigration detainee proceeding through counsel, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 12.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the magistrate judge filed findings and recommendations. (Doc. No. 14.) The magistrate judge found that Petitioner is not entitled to habeas relief and recommends that the amended petition be dismissed because Petitioner already received the process he is statutorily entitled to via a bond hearing provided to him two months after he was detained, and because Petitioner did not meaningfully challenge the immigration judge's denial of bond. (*Id.*) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) On October 1, 2026, Petitioner objected to the findings and recommendations

"for the reasons stated in [his] prior pleadings." (Doc. No. 15.) Respondents did not file objections.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). In accordance with this court's prior decisions, the undersigned will decline to adopt the findings and recommendations and will grant the amended petition for a writ of habeas corpus and order that Petitioner be released from custody.

This court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed his visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same).

Petitioner was admitted to the United States pursuant to a visa in December 2014. (Doc. Nos. 7 at 2; 7-1 at 2.) Petitioner's nonimmigrant status pursuant to that visa expired in June 2015. (Doc. No. 7-1 at 2–3.) After the expiration of his visa, Petitioner remained in the United States and filed immigration petitions with the United States Citizenship and Immigration Services ("USCIS"), including a Form I-485 petition for adjustment of status in 2023 which was still pending at the time of Petitioner's detention. (*Id.*) In December 2025, Petitioner was arrested and charged with driving under the influence. (*Id.* at 3.) In February 2026, on the day that Petitioner's driving under the influence charge was *nolle prossed*, he was detained by immigration authorities without prior notice or a pre-deprivation bond hearing on the grounds of having overstayed his

2014–2015 visa. (*Id.* at 2–4; Doc. No. 7-3 at 3.) Petitioner now seeks habeas relief on due process grounds. (Doc. Nos. 1, 2, 12.)

Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner when he was not detained until more than 10 years after his visa expired, and years after he filed petitions with the USCIS. (*See* Doc. Nos. 7, 7-1.) Further, the undersigned is unpersuaded that Petitioner's driving under the influence charge renders inapplicable this court's previous determination that similarly situated noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be detained, especially where the government does not provide any explanation or argument in that regard. (*See* Doc. Nos. 7, 7-1, 7-3); *see Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest).

Lastly, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty, and that the proper remedy for this violation is to return the noncitizen to the status quo ante litem. *Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Therefore, for the reasons articulated in *Oliveira Tinoco*, the undersigned finds that Petitioner's right to due process was violated when he was detained without notice and a pre-deprivation bond hearing, and that the proper remedy for this violation is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed

September 17, 2026 (Doc. No. 14);

2. Petitioner's amended petition for a writ of habeas corpus (Doc. No. 12) is GRANTED as follows:

a. Petitioner Jefferson Neves Guimaraes Jorge (A-241-212-582) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

/////

/////

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dena Coggins
United States District Judge